**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |  |
|---|---|---|---|
| **TARA BRYANT** | * |  |  |
|  | * |  |  |
|  | * |  |  |
| **Plaintiff,** | * |  |  |
|  | * | **Civil Case No.: SAG-25-1340** |  |
| **v.** | * |  |  |
|  | * |  |  |
| **U.S. NATIONAL BANK & TRUST** | * |  |  |
| **ASSOCIATION, et al.,** | * |  |  |
|  | * |  |  |
| **Defendants.** | * |  |  |
|  | * |  |  |

\* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Tara Bryant ("Plaintiff"), who is self-represented, brings this action against U.S National Bank & Trust, N.A., Fay Servicing, LLC and Fifth Third Bank (collectively, "Defendants").[1] ECF 2 at 5, ECF 2-1 at 1. Plaintiff has filed an emergency motion for temporary restraining order (TRO), requesting that this Court "enjoin[] and prohibit[] Defendants…from enforcing or executing any eviction or dispossession action regarding the real property" in question. ECF 9. Plaintiff also seeks to stay "all pending actions, hearings, and proceedings related to" this matter, ECF 3, and seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. ECF 4, 10. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc.

---

[1] Plaintiff's complaint, ECF 2, ECF 2-1, which is not a model of clarity, does not list other "defendants" who are named in Plaintiff's emergency motion for temporary restraining order and supplemental filings, including "Judge Greene," and "Attorney Pendergrass." *See, e.g.*, ECF 2-3, ECF 8-3, ECF 9, ECF 11.

Additionally, it remains unclear whether Plaintiff has properly effectuated service on any defendant, but the Court need not reach this issue because Plaintiff's claims must be dismissed.

R. 105.6 (D. Md. 2023). For the reasons explained below, Plaintiff's emergency motion for TRO, ECF 9, motions to proceed *in forma pauperis*, ECF 4, 10, and motion to stay, ECF 3, must be DENIED. This action must be DISMISSED WITHOUT PREJUDICE.

## I.    BACKGROUND

The following facts are derived from Plaintiff's complaint, ECF 2, ECF 2-1. Plaintiff is the owner and occupant of the residential property located at 3408 Parklawn Avenue, Baltimore, MD 21213. ECF 2-1 at 1. Plaintiff "satisfied the loan obligation on the property, and payoff acknowledgement was issued." *Id*. "Despite this, Fay Servicing, LLC…initiated and completed foreclosure proceedings." *Id*.

Plaintiff filed her complaint in this matter on April 25, 2025, alleging violations of the Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act (RESPA), Truth in Lending Act (TILA), the Uniform Commercial Code, and constitutional due process rights. ECF 2-1 at 1-2. On May 29, 2025, Plaintiff filed an emergency motion for TRO pursuant to Federal Rule of Civil Procedure 65(b), seeking to enjoin "Defendants, including but not limited to, Judge Greene, Attorney Pendergrass, the Clerk of the Circuit Court of Baltimore City, Fay Servicing, and the Baltimore Sheriff's Office, from enforcing or executing any eviction or dispossession action regarding the real property located at…3408 Parklawn Avenue, Baltimore, Maryland 21213." ECF 9.

## II.    LEGAL STANDARDS

The substantive requirements for a temporary restraining order and a preliminary injunction are identical. *See U.S. Dept. of Labor v. Wolf Run Mining Co., Inc.*, 452 F.3d 275, 281 n. 1 (4th Cir. 2006). Specifically, parties moving for a temporary restraining order or preliminary injunction must show: (1) they are likely to succeed on the merits; (2) they will suffer irreparable

harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) maintaining the status quo is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

### III. DISCUSSION

Plaintiff seeks to stay "all pending actions, hearings, and proceedings related to" this matter, ECF 3, to proceed *in forma pauperis*, ECF 4, 10, and immediate injunctive relief to enjoin Defendants "from enforcing or executing any eviction or dispossession action" concerning the subject property, ECF 9. Before the Court can assess whether to grant these motions, it must first determine whether it is appropriate to hear this case.

28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Thus, a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions." (citation and internal quotations omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual

allegations" to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rules demand more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks and citation omitted).

Because Plaintiff is self-represented, Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014).

Plaintiff's complaint does not contain facts that plausibly suggest cognizable claims under the listed federal statutes. The complaint states that "Fay Servicing committed violations of FDCPA, RESPA, TILA, and the UCC, and engaged in unlawful securitization and sale of the debt post-payoff." ECF 2-1 at 2. But Plaintiff fails to allege any facts or set forth any basis for how "Fay Servicing" violated the listed statutes. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Plaintiff further fails to make any allegations regarding the other named Defendants, let alone provide facts that establish how any of the other Defendants violated FDCPA, RESPA, TILA, or

the UCC. Finally, Plaintiff's allegation that her "property was taken without due process, by officers not acting under any Article III judicial oversight," ECF 2-1 at 2, is vague, conclusory, and does not enumerate specific actions taken by any of the three named Defendants.

Even allowing Plaintiff's pleading the liberal construction reserved for self-represented litigants, *see Bey*, 997 F. Supp. 2d at 314, the Court "cannot ignore a clear failure to allege facts that support a viable claim," *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011), *aff'd* 526 F. App'x 255 (4th Cir. 2013). The Complaint does not satisfy the *Twombly* standard and must be dismissed without prejudice.[2]

Finding it appropriate to dismiss Plaintiff's complaint for failure to state a claim, Plaintiff's emergency motion for temporary restraining order, ECF 9, motions to proceed *in forma pauperis*, ECF 4, ECF 10, and motion to stay, ECF 3, shall be denied.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's emergency motion for temporary restraining order, ECF 9, motions to proceed *in forma pauperis*, ECF 4, ECF 10, and motion to stay, ECF 3,

---

[2] The Court notes that the federal issues underlying this lawsuit, including the constitutional issues, appear to be "inextricably intertwined" with state court foreclosure proceedings, and Plaintiff's complaint appears to be an attempt to re-litigate issues that have already been judicially determined in those proceedings and thus precluded for review in this Court under the *Rooker–Feldman* doctrine. *Brumby v. Deutsche Bank Nat. Trust. Co.*, No. 1:09-cv-144, 2010 WL 617368, at *3 (M.D.N.C. Feb. 17, 2010). *See also Givens v. Homecomings Fin.*, 278 Fed. Appx. 607, at *2 (6th Cir. 2008) (unpublished) (where a mortgagor brought a FDCPA claim against a mortgagee after a state court granted the mortgagee possession of the residence due to the mortgagor's default, appellate court upheld trial court's ruling that it lacked jurisdiction under the *Rooker–Feldman* doctrine, since the FDCPA action was effectively an attempt to appeal the state court order); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, at *2 (6th Cir. 2005) (unpublished) (upholding trial court's ruling that it lacked jurisdiction under *Rooker–Feldman* and finding "[t]hat the plaintiffs' [fair debt collection practices and other] claims are indeed 'inextricably intertwined'… [because] there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court").

are DENIED. This action will be DISMISSED WITHOUT PREJUDICE. A separate Order follows.


Dated: <u>June 2, 2025</u>                                            <u>            /s/            </u>

                                                            Stephanie A. Gallagher
                                                            United States District Judge